RICE v. PALISADES REALTY & AMUSEMENT CO. et al.

(District Court, D. New Jersey. July 12, 1915.)

1. PATENTS ⬅167(1)—CONSTRUCTION OF CLAIMS—NEGATIVE LIMITATIONS.

A specification in the claims of a patent of a "short rail" as an element of an amusement device consisting of a vehicle in the form of an automobile running on a circular track, the purpose of such rail being to engage certain idler wheels on the car and cause them to rotate "at certain points in the travel of the car," to carry out the illusion that the vehicle is an automobile when approaching and leaving the station, con-

stitutes a valid and effective negative limitation, which excludes from the invention a track having a continuous rail which causes the idler wheels to rotate during the entire run of the car.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 243; Dec. Dig. 167(1).]

2. PATENTS ⊚⟹328—INFRINGEMENT—AMUSEMENT VEHICLE.
 The Rice patent, No. 822,302, for an amusement vehicle, construed, and *held* not infringed.

In Equity. Suit by Robert F. Rice (Walter Ottel, as administrator, substituted) against the Palisades Realty & Amusement Company and another. On final hearing. Decree for defendants.
 Decree affirmed 231 Fed. 997, —— C. C. A. ——.

Rudolph Schroeder, of Hoboken, N. J., and John M. Bovey, of New York City, for plaintiff.
 Edmund W. Wakelee, of Englewood, N. J., and Edwin J. Prindle and Wendell J. Wright, both of New York City, for defendants.

HAIGHT, District Judge. This suit was originally instituted by Robert F. Rice for an alleged infringement of patent No. 822,302, issued to him on June 5, 1906. He died pending the suit, and Walter Ottel, who was appointed administrator of his estate, was substituted as plaintiff. The patent relates to an amusement device. The defendant Palisades Realty & Amusement Company operates an amusement park at Palisades, N. J., of which the defendant Nicholas M. Schenck is the general manager. It is claimed that an amusement device which is installed and operated in that park infringes the plaintiff's patent. The defendants have interposed the usual defenses of invalidity for want of novelty and lack of invention and noninfringement.

[1] The view which I entertain makes it unnecessary for me to consider the first two defenses. The patent states that the object of the invention is:

"To provide an *inexpensive*, but attractive, vehicle in the form of an *imitation automobile* or touring car, which shall be especially adapted to be operated upon pleasure railways similar to those found at pleasure resorts and for the amusement and pleasure of patrons."

The specifications explain that the vehicle may be propelled by any suitable means, as, for instance, electricity employed through a third rail. The body is mounted upon ordinary flanged car wheels, designed to run upon rails constituting an endless track. In order to give the appearance of an automobile, four regular automobile wheels are provided, which are designated in the patent as "idler wheels." They perform no function, except to give to the vehicle the appearance of an automobile. At the station or platform where it was intended that the patrons should enter and alight from the cars, the patentee provided what he termed a "short rail," parallel with the rails upon which the car wheels rest, and in the line of travel of the "idler wheels." This was designed to engage the "idler wheels" when approaching and leaving this part of the track and cause them to rotate, thus creating the illusion of an automobile moving on regular automobile wheels.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The specifications state that the "idler wheels" are "designed to operate *only* as the car is passing the station, and are carried idle throughout the remainder of the run of the car, invisible from the patrons in the car," and in referring to the function of the "short rail" state that it causes the idler wheels "to turn only by reason of their engagement with said rail and ·for the *length of said rail only.*" All of the claims of the patent, except the fifth, are claimed to be in·-fringed. In the second, third, fourth, and sixth claims the "short rail" is an element. In the second claim it is described as "a short rail to be engaged by the said idler wheels to rotate the same at *certain* points in the travel of the car"; in the third claim, as "a spring-actuated short rail in the path of travel of the said idler wheels adapted to be frictionally engaged thereby"; in the fourth claim, as "a short rail beside the track, in line with the travel of the said idler wheels, to engage and operate the same while the car is passing over said short rail"; and in the sixth claim, as "a short rail to be engaged by the said idler wheels for operating the same." In the first claim, the short rail is not specifically mentioned, but there is substituted the phrase "means for engaging said idler wheels at *certain* times to insure their rotation."

While the defendants contend with some force that there are substantial differences between the vehicles used in their device and that of the patent, which, in view of the limitations of the claims, are sufficient to avoid infringement, I have found it unnecessary to consider them, and it has been assumed for the purposes of this decision that the respective vehicles are substantially the same. The essential difference between the complete device of the patent and that used by the defendants is the rails or tracks which operate or rotate the so-called "idler wheels." The defendants employ wooden rails or tracks extending around the complete circle which the vehicle covers in its run, and which are designed to engage the so-called "idler wheels" at all times, and thus cause them to rotate during the entire run of the car. As the "short rail" is specifically an element of each of the claims in suit, except the first, the defendants do not infringe these claims, unless they employ in their device the "short rail" of the patent or an equivalent thereof. The "short rail" is described in the patent as "the means by which these wheels (the idler wheels) are operated while passing a station." This description, taken in connection with the parts of the specifications above referred to, and the further statement in the patent that at the particular *location or station in the road where patrons are to* get in and out *special means* are provided for carrying out the illusory effect of a touring car, "which feature, in connection with the special construction of the car, comprises the *substance of the invention,*" leads to the inevitable conclusion, I think, that the "short rail" mentioned in the claims is not a rail or track extending throughout the length of the course the car is to travel, as in the defendants' device, but is in fact a short rail, when compared with the length of the whole track, designed to rotate the "idler wheels" only at a certain point and thus create the illusion only at that point.

[2] The patentee, having limited his claims to such a rail, has excluded from his invention a rail or track such as is used in the de-

fendants' device, to the same extent as though he had stated that the invention did not cover a rail extending completely around the track. Nor do I think that the rail used in the defendants' device can be considered an equivalent of the "short rail" of the patent, for two reasons: First, because that which, by the patent, is excluded from the invention cannot be an equivalent of the element of the invention which excludes it; and, second, because they do not perform the same functions. I think that the short rail of the patent was designed to serve two purposes, viz.: (1) To create the illusion of an automobile traveling on regular automobile wheels where it was exposed to public view; and (2) at the same time to make the construction and operation of the vehicle inexpensive.

The first purpose, standing alone, is undoubtedly served by the rail of the defendants' device; but I cannot find that the second is. One of the objects of the invention, as stated in the patent, was "to provide an *inexpensive* vehicle." As before shown, the "short rail" was to be constructed, according to the design of the patent, only at the place where the patrons were to enter and alight from the car, and consequently its construction would be inexpensive as compared with a wooden track extending throughout the entire length of the course to be traveled by the automobile, as would also the wear and tear on the tires, caused by engagement of the "idler wheels" with the "short rail," be necessarily very small as compared with that on tires continuously engaging the surface of the rail throughout the length of the run of the car. There is an additional reason why claim 3 is not infringed. It calls for a spring-actuated short rail. The defendants' device has nothing of that kind.

As before stated, although claim 1 does not specify a short rail, it does contain as an element "means for engaging said idler wheels at *certain* times to insure their rotation." This is the short rail of the other claims or an equivalent thereof. Here, as in the claims where the short rail is specified, the patentee, by providing the limitation of "certain times" in the claim, when the specifications and objects of the invention are considered, has excluded from his invention means for engaging the "idler wheels" *at all times*, such as is used in the defendants' device. Hence the defendants' device does not have this element of the claim, and, for the reasons before given in discussing the other claims, it does not have an equivalent thereof. If the patentee, by his own limitation, has made his claims narrower than his actual invention, it is well settled that it is not permissible for the courts to broaden the claims to correspond with the actual invention. I am therefore constrained to find that none of the claims in suit are infringed. Even if it were possible to construe the claims broadly enough to include the defendants' device, I doubt that the patent would then involve invention, in view of the disclosure in patent No. 789,973, issued to Hartung in 1905.

The bill must therefore be dismissed, with costs.