RICE v. PALISADES REALTY & AMUSEMENT CO. et al.

(Circuit Court of Appeals, Third Circuit.   April 4, 1916.)

No. 2082.

PATENTS ☞328—INVENTION—AMUSEMENT VEHICLE.

The Rice patent, No. 822,302, for an amusement vehicle, consisting of the old car of such railways, running on an endless track, but made in the form of an auto touring car, and carrying on brackets auto wheels, which perform no function, but are engaged and rotated by a short rail when passing the station, is void for lack of invention.

Appeal from the District Court of the United States for the District of New Jersey; Thos. G. Haight, Judge.

Suit in equity by Robert F. Rice (Walter Ottel, as administrator, substituted) against the Palisades Realty & Amusement Company and another.   Decree for defendants, and complainant appeals.   Affirmed.

For opinion below, see 231 Fed. 763.

Samuel E. Darby, of New York City, for appellant.

Wakelee, Thornall & Wright and Edwin J. Prindle, all of New York City, for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge.   In the court below Robert F. Rice filed a bill charging the Palisades Realty & Amusement Company with infringing patent No. 822,302, granted to him June 5, 1906, for an amusement vehicle.   On final hearing that court, in an opinion reported at 231 Fed. 763, directed the bill be dismissed.   From a decree so adjudging, this appeal was taken.

The devices of both parties and the general art are set forth at length in the foregoing opinion, reference to which saves present restatement.   Full argument of the case in this court and due examination of the proofs satisfy us the court below committed no error in dismissing this bill.   In the final analysis the case narrows to the question of whether it involved invention to put a pair of idler wheels on an automobile frame mounted on a wheeled truck of an amusement railroad car.   The invention is embodied in claim 1, which reads:

"In an amusement vehicle, the combination, with a car mounted upon a wheeled truck, of an extra set of idler wheels carried by the car, and means for engaging said idler wheels at certain times to insure their rotation."

In other words, Rice took the wheel truck in common use on amusement railways, and on the passenger body of it, which in this case was an imitation of an auto touring car, attached four side brackets, on which he placed four automobile wheels.   These wheels were idlers, and performed no function in supporting the car.   In fact, they did not revolve until the truck reached the station where passengers got on and off.   At such station were placed spring-supported tread rails which engaged the idler auto wheels and caused them to revolve as

the truck reached and left the station. Amusement railways were old, trucks to support bodies for carrying passengers were old, and the case narrows down to the question whether it involved invention to use idler wheels on an automobile frame on an amusement railway.

To us it is clear it did not. The wheels have no mechanical relation to the car or its operation. They are simply attached to four brackets fastened on the side of the vehicle. The use of illusory moving idler wheels was known before, and while the putting of such idlers on an auto amusement frame was a bright, clever idea and a happy thought, it did not rise to the level of inventive originality. To give a monopoly for 17 years to every one who lit on a bright and clever novelty would be to throttle, instead of encourage, genuine inventive originality.

The decree below is affirmed, on the ground that Rice's patent was invalid.